MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York  10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FRANCISCO MONTENEGRO
ESCAMILLA, *individually and on behalf of*
*others similarly situated,*

                              *Plaintiff,*

          -against-

YOUNG SHING TRADING CO., INC. (d/b/a
Young Shing Trading Co.), KI TAI YEUNG,
WENDY YEUNG, and PING YEUNG

                              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b) AND RULE 23
CLASS ACTION**

**ECF Case**


     Plaintiff Francisco Montenegro Escamilla, individually and on behalf of others similarly

situated ("Plaintiff Montenegro "), by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Young Shing Trading Co., Inc. (d/b/a Young

Shing Trading Co.) ("Defendant Corporation"), Ki Tai Yeung, Wendy Yeung, and Ping Yeung,

alleges as follows:

<u>**NATURE OF THE ACTION**</u>

     1.     Plaintiff Montenegro  is a former employee of defendants Young Shing Trading

Co., Inc. (d/b/a Young Shing Trading Co.), Ki Tai Yeung,  Wendy Yeung,  and Ping Yeung

(collectively, "Defendants").

2.      Defendants own, operate, or control a food service wholesaler located at 51-01 Grand Avenue, Maspeth, New York 11378 under the name Young Shing Trading Co.,

3.      Upon information and belief, individual defendants Ki Tai Yeung, Wendy Yeung, and Ping Yeung, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the food service wholesaler as a joint or unified enterprise.

4.      Plaintiff Montenegro was employed as a warehouse worker.

5.      At all times relevant to this Complaint, Plaintiff Montenegro worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Montenegro appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Montenegro the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8.      Defendants' conduct extended beyond Plaintiff Montenegro to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Montenegro and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Montenegro now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Montenegro  now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Montenegro's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a food service wholesaler located in this district. Further, Plaintiff Montenegro was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Montenegro*

14.     Plaintiff Francisco Montenegro Escamilla ("Plaintiff Montenegro" or "Mr. Montenegro") is an adult individual residing in Queens County, New York.

15.     Plaintiff Montenegro was employed by Defendants from approximately 2007 until on or about August 2016.

16.     Plaintiff Montenegro consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants own, operate, or control a food service wholesaler located at 51-01 Grand Avenue, Maspeth, N.Y. 11378 under the name "Young Shing Trading Co.,"

18.     Upon information and belief, Young Shing Trading Co., Inc. (d/b/a Young Shing Trading Co.) is a domestic corporation organized and existing under the laws of the State of New York.

19.     Upon information and belief, Defendant Corporation has its principal place of business at 51-01 Grand Avenue, Maspeth, New York, 11378, and its corporate headquarters at the same address.

20.     Defendant Ki Tai Yeung, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

21.     Defendant Ki Tai Yeung is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

22.    Defendant Ki Tai Yeung possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

23.    Defendant Ki Tai Yeung determined the wages and compensation of the employees of Defendants, including Plaintiff Montenegro, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.    Defendant Wendy Yeung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25.    Defendant Wendy Yeung is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation.

26.    Defendant Wendy Yeung possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

27.    Defendant Wendy Yeung determined the wages and compensation of the employees of Defendants, including Plaintiff Montenegro, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.    Defendant Ping Yeung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

29.    Defendant Ping Yeung is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation.

30.    Defendant Ping Yeung possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

- 5 -

31.     Defendant Ping Yeung determined the wages and compensation of the employees of Defendants, including Plaintiff Montenegro, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

32.     Defendants operate a food service wholesaler located in the Maspeth section of Queens in New York City.

33.     The individual defendants, Ki Tai Yeung, Wendy Yeung, and Ping Yeung possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff Montenegro's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Montenegro, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff Montenegro (and all similarly situated employees) and were Plaintiff Montenegro's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff Montenegro and/or similarly situated individuals.

- 6 -

38.     Upon information and belief, individual defendants Ki Tai Yeung, Wendy Yeung, and Ping Yeung operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.   transferring assets and debts freely as between all Defendants,

d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.   intermingling assets and debts of their own with Defendant Corporation,

g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.   other actions evincing a failure to adhere to the corporate form.

39.     At all relevant times, Defendants were Plaintiff Montenegro's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Montenegro, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Montenegro's services.

40.     In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the food service wholesaler on a daily basis were goods produced outside of the State of New York.

### Individual Plaintiff

42.     Plaintiff Montenegro is a former employee of Defendants who was employed as a warehouse worker.

43.     Plaintiff Montenegro seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Francisco Montenegro Escamilla

44.     Plaintiff Montenegro was employed by Defendants from approximately 2007 until on or about August 2016.

45.     Defendants employed Plaintiff Montenegro as a warehouse worker.

46.     Plaintiff Montenegro's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Montenegro regularly worked in excess of 40 hours per week.

48.     From approximately February 2011 until on or about December 2012, Plaintiff Montenegro worked from approximately 6:30 a.m. until on or about 6:00 P.M. Tuesdays, Wednesdays, Fridays and Saturdays and from approximately 6:30 a.m. until on or about 11:00 p.m. or 2:00 a.m. on Mondays and Thursdays (typically 77 to 83 hours per week).

49.     From approximately January 2013 until on or about June 2016, Plaintiff Montenegro worked from approximately 6:30 a.m. until on or about 6:00 P.M. Mondays through Saturdays (typically 69 hours per week).

50.     From approximately June 2016 until on or about August 2016, Plaintiff Montenegro worked from approximately 6:30 a.m. until on or about 4:00 P.M. Mondays through Saturdays (typically 57 hours per week).

51.     Throughout his employment with defendants, Plaintiff Montenegro was paid his wages in cash.

52.     From approximately February 2011 until on or about December 2012, defendants paid Plaintiff Montenegro a fixed salary of $580 per week.

53.     From approximately January 2013 until on or about December 2014, defendants paid Plaintiff Montenegro a fixed salary of $600 per week.

54.     From approximately January 2015 until on or about December 2015, defendants paid Plaintiff Montenegro a fixed salary of $615 per week.

55.     From approximately January 2016 until on or about August 2016, defendants paid Plaintiff Montenegro a fixed salary of $625 per week.

56.     Plaintiff Montenegro's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.     For example, from approximately February 2011 until on or about December 2012, defendants required Plaintiff Montenegro to work five to eight hours past his scheduled departure time on Mondays and Thursdays, and did not compensate him for the additional time they required him to work.

58.     Similarly, from approximately January 2013 until on or about August 2016, defendants required Plaintiff Montenegro to work one hour past his scheduled departure time several days a week and did not compensate him for the additional time they required him to work.

59.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Montenegro regarding overtime and wages under the FLSA and NYLL.

60.     Although Plaintiff Montenegro was required to keep track of his time, defendants did not permit him to punch out on Mondays and Thursdays from approximately February 2011 until on or about December 2012.

61.     Furthermore, Defendants never provided Plaintiff Montenegro with a statement of wages with each payment of wages, as required by NYLL 195(3).

62.     Instead, from approximately February 2011 until on or about December 2012, defendants required Plaintiff Montenegro to sign a document, the contents of which he was not allowed to review, in order to get paid.

63.     Defendants never gave any notice to Plaintiff Montenegro, in English and in Spanish (Plaintiff Montenegro's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Montenegro  (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

65.     Plaintiff Montenegro was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Montenegro not receiving payment for all his hours worked, resulting in Plaintiff Montenegro's effective rate of pay falling below the required minimum wage rate.

67.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Montenegro by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

68.     Plaintiff Montenegro was paid his wages entirely in cash.

69.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Montenegro (and similarly situated individuals) worked, and to avoid paying Plaintiff Montenegro properly for his full hours worked.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Montenegro and other similarly situated current and former employees.

72.      Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

73.    Defendants failed to provide Plaintiff Montenegro  and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.    Defendants failed to provide Plaintiff Montenegro and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.    Plaintiff Montenegro brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class"), who are or were employed by Defendants on or after the date that is three years before the filing of this

- 12 -

Complaint (the "FLSA and Rule 23 class Period"), as employees of Defendants (the "FLSA and Rule 23 class ").

76.    At all relevant times, Plaintiff Montenegro, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

77.    At all relevant times, Plaintiff Montenegro, and other members of the FLSA and Rule 23 class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

78.    At all relevant times, Plaintiff Montenegro, and other members of the FLSA and Rule 23 class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

79.    The claims of Plaintiff Montenegro stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

80.    Plaintiff Montenegro sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b) (2), and (b) (3) of the Federal Rules of Civil Procedure.

81.    Plaintiff Montenegro brings his New York Labor Law minimum wage, spread of hours pay, overtime compensation and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Montenegro, are referred to herein as the "Class."

82.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

83.    There are questions of law and fact common to the Class including:

a.    what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.    what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.    what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.    whether Defendants failed and/or refused to pay Plaintiff the minimum wage at the premium rate within the meaning of the New York Labor Law;

e.    whether Defendants improperly deducted "shorts" from the Plaintiff's wages; and

f.    at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work;

84.    The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

85.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

86.    The common questions of law and fact predominate over questions affecting only individual members.

87.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

88.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

88.    Plaintiff Montenegro repeats and realleges all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Montenegro's employers and employers of the putative FLSA and Rule 23 Class members within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire

Plaintiff Montenegro, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Montenegro (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

93.     Defendants' failure to pay Plaintiff Montenegro (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Montenegro (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

95.     Plaintiff Montenegro repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Montenegro (and the FLSA and Rule 23class members)   overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiff Montenegro , and the putative FLSA and Rule 23 class  members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Montenegro (and the FLSA and Rule 23class members)   were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

99.     Plaintiff Montenegro repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiff Montenegro's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Montenegro, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

101.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Montenegro (and the FLSA and Rule 23class members)   less than the minimum wage.

102.    Defendants' failure to pay Plaintiff Montenegro (and the FLSA and Rule 23class members)   the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Montenegro (and the FLSA and Rule 23class members)   were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK STATE LABOR LAW)

- 17 -

104.    Plaintiff Montenegro repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Montenegro (and the FLSA and Rule 23 class members)    overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.    Defendants failed to pay Plaintiff Montenegro in a timely fashion, as required by Article 6 of the New York Labor Law.

107.    Defendants' failure to pay Plaintiff Montenegro (and the FLSA and Rule 23 class members)   overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Montenegro (and the FLSA and Rule 23 class members)   were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

109.    Plaintiff Montenegro repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to pay Plaintiff Montenegro (and the FLSA and Rule 23 class members)   one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Montenegro spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

111.    Defendants' failure to pay Plaintiff Montenegro (and the FLSA and Rule 23class members)   an additional hour's pay for each day Plaintiff Montenegro  spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

112.    Plaintiff Montenegro (and the FLSA and Rule 23class members)   were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

113.    Plaintiff Montenegro repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to provide Plaintiff Montenegro (and the FLSA and Rule 23class members)   with a written notice, in English and in Spanish (Plaintiff Montenegro's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

115.    Defendants are liable to Plaintiff Montenegro (and the FLSA and Rule 23class members) in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

116.    Plaintiff Montenegro repeats and realleges all paragraphs above as though set

forth fully herein.

117.    With each payment of wages, Defendants failed to provide Plaintiff Montenegro (and the FLSA and Rule 23class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

118.    Defendants are liable to Plaintiff Montenegro (and the FLSA and Rule 23class members) in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Montenegro respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Montenegro (and the FLSA and Rule 23class members)

(c)    Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Montenegro  (and the FLSA and Rule 23 class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Montenegro's  (and the FLSA and rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Montenegro (and the FLSA and Rule 23class members)

(f)      Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Montenegro (and the FLSA and Rule 23class members);

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Montenegro (and the FLSA and Rule 23class members);

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Montenegro (and the FLSA and Rule 23class

members);

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Montenegro's (and the FLSA and Rule 23class members) compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Montenegro (and the FLSA and Rule 23class members);

(m)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Montenegro (and the FLSA and Rule 23class members) and the members of the FLSA and Rule 23 class;

(n)    Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members) damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)    Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members)  ) pre-judgment and post-judgment interest as applicable;

- 22 -

(r)    Awarding Plaintiff Montenegro (and the FLSA and Rule 23class members)  ) the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Montenegro demands a trial by jury on all issues triable by a jury

Dated: New York, New York
       February 3, 2017

                                   MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By: _____/s/ Michael Faillace_____
                                   Michael Faillace [MF-8436]
                                   MICHAEL FAILLACE & ASSOCIATES, P.C.
                                   Michael A. Faillace [MF-8436]
                                   60 East 42nd Street, suite 2540
                                   New York, New York 10165
                                   Telephone: (212) 317-1200
                                   Facsimile: (212) 317-1620


- 23 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 1, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        **Francisco Montenegro Escamilla**

                                      Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:                    Francisco M E

                                      01 de febrero de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*