```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANCISCO MONTENEGRO ESCAMILLA,

                              Plaintiff,
                                                                    REPORT AND
           -against-                                                RECOMMENDATION
                                                                    17-CV-652-MKB-SJB

YOUNG SHING TRADING CO., INC.,
KI TAI YEUNG,
WENDY YEUNG,
PING YEUNG,

                              Defendants.
-----------------------------------------------------------------X
```
**BULSARA, United States Magistrate Judge:**

Plaintiff Francisco Montenegro Escamilla ("Montenegro") brought this action individually and on behalf of others similarly situated against Young Shing Trading Co., Inc., Ki Tai Yeung, Wendy Yeung, and Ping Yeung ("Defendants") alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and state labor law.

On July 17, 2017, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). On October 10, 2017, the motion was referred by the Honorable Margo K. Brodie to the undersigned to issue a report and recommendation on the matter. For the reasons stated below, it is respectfully recommended that the motion to dismiss be denied.

<u>Procedural History and Background</u>

The facts, which the court accepts as true for the purposes of considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, *see Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001), are in the Complaint as follows.

Corporate Defendant Young Shing Trading Co. is a food service wholesaler located at 51-01 Grand Avenue, Maspeth, New York 11378. (Compl. ¶ 2). Individual defendants Ki Tai Yeung, Wendy Yeung, and Ping Yeung, serve or served as owners, managers, principals, or agents of the defendant corporation. (Compl. ¶ 3).

Montenegro was formerly employed as a warehouse worker by Defendants. (Compl. ¶ 4). He alleges that he regularly worked in excess of 40 hours per week, (Compl. ¶ 5), throughout his employment for Defendants: "From approximately February 2011 until on or about December 2012, Plaintiff Montenegro worked from approximately 6:30 a.m. until on or about 6:00 P.M. Tuesdays, Wednesdays, Fridays and Saturdays and from approximately 6:30 a.m. until on or about 11:00 p.m. or 2:00 a.m. on Mondays and Thursdays (typically 77 to 83 hours per week). From approximately January 2013 until on or about June 2016, Plaintiff Montenegro worked from approximately 6:30 a.m. until on or about 6:00 P.M. Mondays through Saturdays (typically 69 hours per week). From approximately June 2016 until on or about August 2016, Plaintiff Montenegro worked from approximately 6:30 a.m. until on or about 4:00 P.M. Mondays through Saturdays (typically 57 hours per week)." (Compl. ¶¶ 48-50). He alleges during these time periods, he was not compensated for overtime worked, as required by law.

He filed this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the FLSA, and for violations of the N.Y. Labor Law ("NYLL"), and liquidated damages, interest, attorney's fees and costs. (Compl. ¶ 10).

The Complaint alleges seven causes of action: 1) violation of the minimum wage provisions of the FLSA (29 U.S.C. § 206(a)); 2) violation of the overtime provisions of

2

the FLSA (29 U.S.C. § 207(a)(1)); 3) violation of the New York Minimum Wage Act (NYLL § 652(1)); 4) violation of the overtime provisions of the NYLL (NYLL § 190 *et seq.*); 5) violation of the Spread of Hours Wage Order (NYLL §§ 190 *et seq.* and 650 *et seq.* and N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-1.6); 6) violation of the notice and recordkeeping requirements of the NYLL (NYLL § 195(1)); and 7) violation of the wage statement provisions of the NYLL (NYLL § 195(3)).  (Compl. ¶¶ 88-118).

On July 17, 2017, Defendants filed a motion to dismiss.  (*See* Dkt. No. 16).  After the motion was filed, Plaintiff agreed to dismiss the first and sixth causes of action, and the challenged portions of his third and fifth causes of action (allegations relating to employment from January 2013 until August 2016).  (*See* Dkt. No. 20, n.2).  All that remains for decision is whether the Complaint fails to allege, as a matter of law, an overtime claim under the FLSA (the second cause of action), and whether the court may exercise supplemental jurisdiction over the remaining state law claims including the fourth and seventh causes of action—the overtime claim under the NYLL and the claim under the wage statement provision of the NYLL.

<u>Discussion</u>

For a 12(b)(6) motion, the Court must "accept as true all of the factual allegations set out in plaintiff's complaint." *Gregory*, 243 F.3d at 691.  The court then draws "inferences from those allegations in the light most favorable to plaintiff, and construe[s] the complaint liberally." *Id.*  Once the facts are construed in the light most favorable to the plaintiff, to avoid dismissal, there must be sufficient facts that allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").  "Threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* In other words, a plausible claim "contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The determination whether plaintiff has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Section 207(a)(1) of FLSA requires that an employee working "in excess of" 40 hours in a given workweek will be compensated for that "excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (*i.e.* time and a half)." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). In *Lundy*, the Second Circuit articulated "the degree of specificity needed to state an overtime claim under FLSA." *Id.* It concluded that a plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* Or put differently, to survive a motion to dismiss an FLSA overtime claim, a plaintiff must allege that in at least one workweek he or she worked at least 40 hours, and also worked some uncompensated time in that week in excess of the 40 hours. *See id.*

An overtime claims fails to satisfy this requirement if it generally alleges that the plaintiff was not paid for overtime hours worked. *Nakahata v. New York-Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). The requirement that plaintiffs

4

"must allege overtime without compensation in a 'given' workweek," *see Lundy*, 711 F.3d at 114, is "not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013). Nor is it acceptable for a plaintiff to just track "the statutory language of the FLSA . . . but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *Id.* at 89.

Rather, a plaintiff must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked forty hours in a given week." *Nakahata*, 723 F.3d at 201. Only with such factual context will a plaintiff's overtime claim move from merely "conceivable to plausible," *Twombly*, 550 U.S. at 570, and thereby survive a motion to dismiss. *Dejesus*, 726 F.3d at 90. "What aspects of [a plaintiff's] position, pay, or dates of employment are necessary to state a plausible claim for relief . . . is a case-specific inquiry for the trial court . . . [but] generalized allegations that may prove false at trial are not necessarily the basis for dismissal at the pleadings stage." *Nakahata*, 723 F.3d at 201 (emphasis removed) (citations omitted). A plaintiff is not required "to keep careful records and plead their hours with mathematical precision," but may draw on their "memory and experience" to provide complaints with "sufficiently developed factual allegations" to support the claim that they were denied overtime in violation of FLSA. *Dejesus*, 726 F.3d at 90.

Montenegro's overtime claim contains the necessary factual allegations and detail to survive Defendants' motion to dismiss. Plaintiff does allege generally that "at all times relevant," he "worked for Defendants in excess of 40 hours per week, without . . . overtime compensation for the hours he worked." (Compl. ¶ 5). That allegation, standing alone, would be insufficient. However, he goes on to identify three specific

5

time periods where he was scheduled to work more than 40 hours, and did work more than 40 hours. (*See* Compl. ¶¶ 48-50). From approximately February 2011 until on or about December 2012, he typically worked 77 to 83 hours per week, and was paid only a fixed salary of $580 a week. (Compl. ¶¶ 48, 52). Then from approximately January 2013 until on or about June 2016, Plaintiff typically worked 69 hours per week, and was paid only a fixed salary of between $600 to $625 a week. (Compl. ¶¶ 49, 53-55). And finally, from approximately June 2016 until on or about August 2016, Plaintiff worked typically 57 hours a week and was paid a fixed salary of $625 a week. (Compl. ¶¶ 50, 55). He goes on to allege that his pay never varied even when he was required by Defendants to work a longer day than scheduled, and provides specific examples of when that occurred. (Compl. ¶¶ 56-58).

    This detail, although sparing, is sufficient to support a reasonable inference that Plaintiff worked more than 40 hours in a given week and was not paid statutorily-required overtime wages. Plaintiff does not simply copy the language of FLSA and generally allege that he was owed overtime; three specific time periods are provided; working hours for each time period are provided; and the wages paid during various periods are also provided. From these allegations, the Court can infer that in these specific periods, it is plausible that Montenegro was not paid overtime as required by the FLSA.

    Defendants make a series of arguments why Plaintiff's allegations are insufficient. None have merit. First, Defendants argue that Plaintiff's allegations, because they use various qualifiers—including "typically" or "approximately"—cannot plausibly state a claim for unpaid overtime under FLSA. Nothing in *Lundy*, or indeed *Twombly*, precludes a plaintiff from relying on approximation or estimation. To do so

6

would require Plaintiff to plead overtime hours with a mathematical precision that the Second Circuit found unnecessary. *See Dejesus*, 726 F.3d at 90. And "an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility." *Lundy*, 711 F.3d at 114 n.7. All that is required is that the Complaint contain sufficient factual allegations from which to infer that Plaintiff worked more than 40 hours during a specific week, and was not compensated for that additional time as the statute requires. *Dejesus*, 726 F.3d at 90. And this Complaint contains such allegations: the three specific time periods (February 2011 to December 2012; January 2013 to June 2016; and June 2016 to August 2016); rates of pay during those periods; and hours worked during those weeks. The Complaint contains "sufficient detail about the length and frequency" of Plaintiff's unpaid work. *Nakahata*, 723 F.3d at 201. As such, Defendants' argument that the Plaintiff did not identify any "specific workweek" for which he is owed unpaid overtime, (Defs. Reply, Dkt. No. 22 at 4), is simply belied by the Complaint.

Second, Defendants cite to several cases in which district courts have dismissed FLSA claims, and alleges that the Complaint suffers from similar deficiencies. None of those cases are like the present one. For instance, in *Casci v. Nat'l Fin. Network*, the complaint stated that plaintiff "occasionally [] worked in excess of forty (40) hours per week," but nothing more. 2015 WL 94229, at *1 (E.D.N.Y. Jan. 7, 2015). In contrast to that case, here there are additional facts and time periods, as explained above, and the Complaint goes beyond simply repeating the language of FLSA.

Similarly, in *Amponin v. Olayan Am. Corp.*, which the court noted was "a close call," the complaint merely stated that her "work hours were supposed to be from 9 a.m. to 5 p.m., but she initially worked from 9 a.m. to 6 p.m. As her responsibilities and

7

workload increased, she frequently worked past 6:30 p.m." No. 14-CV-2008, 2015 WL 1190080, at *1 (S.D.N.Y. Mar. 16, 2015).  Later on, in the "early Spring of 2011," plaintiff "generally worked from 9 a.m. to 7 p.m." and "occasionally later."  *Id*.  Although Plaintiff alleged her start and end time, she failed to connect that with a specific week where she did so.  She only alleged that she generally worked for over 40 hours in the spring of 2011, which the Court determined was too vague an allegation.  By contrast, this Complaint does identify specific weeks.  For example, by alleging that from June 2016 until August 2016, he worked 57 hours per week, Plaintiff Montenegro has identified the weeks beginning Monday, June 6, 2016; Monday, June 13, 2016; and so forth, as weeks where he has worked more than 40 hours.[1]

Defendants have failed to establish Plaintiff's second cause of action alleging overtime violations fails as a matter of law.  As such, it is respectfully recommended that Defendants' motion to dismiss this count be denied.

Defendants' motion to dismiss Plaintiff's fourth and seventh causes of action (the New York State labor law claims) asks the Court not to exercise supplemental jurisdiction over the claims.  In light of the recommendation not to dismiss the federal overtime claim, it would be inappropriate to recommend that supplemental jurisdiction not be exercised over the state law claims.  Defendants also do not identify any difference (except the timeframe)—and the Court cannot discern one—between the facts supporting Plaintiff's state law claims and those supporting his FLSA overtime claim.  As such, Plaintiff's state law labor claims "form part of the same case or controversy" as

---

[1] *Bustillos v. Acad. Bus., LLC*, No. 13-CV-565, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) is similarly inapposite.  In that case Plaintiff did not provide any factual context from which one could infer that there was "one or more particular workweek(s) in which the plaintiff suffered an overtime violation."  *Id*. at *4.

the federal claim and arise out of "a common nucleus of operative facts," and thereby satisfy the requirements of 28 U.S.C. § 1367(a) for a court to exercise supplemental jurisdiction. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal citations omitted); 28 U.S.C. § 1367(a). "Where section 1367(a) is satisfied, 'the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of section 1367(c).'" *Shahriar*, 659 F.3d at 245 (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)). There is no basis under subsection 1367(c) to exercise discretion to decline supplemental jurisdiction over Plaintiff's state law claims. As such, this Court recommends that Defendants' motion to dismiss the state law claims also be denied.

## Conclusion

For the reasons explained above, the Court respectfully recommends to the Honorable District Judge that the motion to dismiss the remaining causes of action be denied.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within fourteen days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Sanket J. Bulsara
United States Magistrate Judge

Brooklyn, New York
January 8, 2018