UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

FRANCISCO MONTENEGRO ESCAMILLA,
*individually and on behalf of others similarly situated*,

                       Plaintiff,

                       v.

YOUNG SHING TRADING CO., INC., KI TAI
YEUNG, WENDY YEUNG, and PING YEUNG,

                       Defendants.

**MEMORANDUM & ORDER**
17-CV-652 (MKB) (SJB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Francisco Montenegro Escamilla brings the above-captioned putative class action against Defendants Young Shing Trading Company, Incorporated, Ki Tai Yeung, Wendy Yeung and Ping Yeung, alleging minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), as well as minimum wage, overtime, record-keeping, wage statement and spread-of-hours violations of New York Labor Law, §§ 190 *et seq.* & 650 *et seq.* ("NYLL") and regulations, 12 N.Y.C.R.R. § 146-1.6. (Compl. ¶¶ 88–118, Docket Entry No. 1.) Plaintiff's claims arise from his employment as a warehouse worker at Young Shing Trading Company, Incorporated between 2007 and 2016. (*Id.* ¶¶ 42–44.) On July 17, 2017, Defendants filed a partial motion to dismiss the Complaint[1] pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 16; Defs. Decl. in Supp. of Defs. Mot. ("Defs. Decl."), Docket Entry No. 17; Defs.

---

[1] Defendants moved to dismiss Plaintiff's NYLL minimum wage and spread-of-hours claims only as to the period of employment between January of 2013 and August of 2016. (Defs. Mem. in Supp. of Defs. Mot. to Dismiss ("Defs. Mem.") 7–11, Docket Entry No. 18.)

Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 18.)

On October 10, 2017, the Court referred Defendants' motion to Magistrate Judge Sanket J. Bulsara for a report and recommendation. (Order dated Oct. 10, 2017.) By report and recommendation dated January 8, 2018 (the "R&R"), Judge Bulsara found that Plaintiff had withdrawn his FLSA minimum wage and NYLL record-keeping claims. (R&R 3.) Judge Bulsara also found that Plaintiff had withdrawn the portions of his NYLL minimum wage and spread-of-hours claims relating to Plaintiff's employment during the period between January of 2013 and August of 2016. (*Id.*) Addressing Plaintiff's FLSA overtime, NYLL overtime, and NYLL wage statement claims, Judge Bulsara recommended that the Court deny Defendants' motion as to these claims. (R&R 8–9.) Defendants filed objections to the R&R on January 22, 2018. (*See generally* Defs. Obj. to R&R ("Defs. Obj."), Docket Entry No. 25.) For the reasons set forth below, the Court adopts Judge Bulsara's R&R in its entirety.

## I. Background

### a. Factual background

The facts alleged in the Complaint are assumed to be true for the purpose of deciding Defendants' motion. Plaintiff was employed as a warehouse worker at Young Shing Trading Company from approximately 2007 until August of 2016, (Compl. ¶ 44), and was required to work in excess of forty hours per week without being paid the appropriate minimum wage, overtime and spread-of-hours pay as required under federal and state law, (*id.* ¶ 64). From approximately February of 2011 until December of 2012, Plaintiff worked from approximately 6:30 AM until 6:00 PM on Tuesdays, Wednesdays, Fridays and Saturdays, and from approximately 6:30 AM until 11:00 PM or 2:00 AM on Mondays and Thursdays, typically seventy-seven to eighty-three hours per week. (*Id.* ¶ 48.) From approximately January of 2013

until June of 2016, Plaintiff worked from approximately 6:30 AM until 6:00 PM on Monday through Saturday, typically sixty-nine hours per week. (*Id.* ¶ 49.) From approximately June of 2016 until August of 2016, Plaintiff worked from approximately 6:30 AM until 4:00 PM on Monday through Saturday, typically fifty-seven hours per week. (*Id.* ¶ 50.) Plaintiff was required at various times to work past his scheduled departure time, but Defendants did not compensate him for the additional hours. (*Id.* ¶¶ 56–58.) Plaintiff alleges that during his employment with Young Shing Trading Company, "Defendants maintained a policy and practice of requiring [him] (and all similarly situated employees) to work in excess of [forty] hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws." (*Id.* ¶ 64.)

Plaintiff also alleges that Defendants engaged in a variety of other allegedly illegal practices during his employment, including failure to post notices of employees' rights under FLSA and NYLL, and failure to provide Plaintiff with wage statements and information related to his pay. (*Id.* ¶¶ 59–74.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the

record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F.Supp.3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

  b.  **The R&R**

Judge Bulsara found that Plaintiff agreed to dismiss his FLSA minimum wage and NYLL record-keeping claims in his brief in opposition to Defendants' motion. (R&R 3.) Judge Bulsara also found that Plaintiff had withdrawn the portions of his NYLL minimum wage and spread-of-hours claims relating to his employment during the period between January of 2013 through August of 2016.[2] (*Id.*)

Addressing Plaintiff's FLSA and NYLL overtime claims, and his NYLL wage statement claim, Judge Bulsara recommended that the Court deny Defendants' motion to dismiss the Complaint. (*Id.* at 8.) Judge Bulsara found that Plaintiff's FLSA overtime claim "contains the necessary factual allegations and detail" regarding the periods during which he was unlawfully denied overtime pay, (*id.* at 5–6), and rejected Defendants' arguments to the contrary, (*id.* at 6–8). Finally, Judge Bulsara rejected Defendants' argument that the Court should decline to

---

[2] Defendants argued that Plaintiff did not plead a violation of the NYLL minimum wage provision because, based on the allegations in the Complaint regarding the number of hours Plaintiff worked and his weekly pay, Plaintiff earned an hourly rate over the New York state minimum wage for the period January of 2013 through August of 2016. (Defs. Mem. 7–10). Defendants also argued that because Plaintiff allegedly earned over the New York state minimum wage during this period, the NYLL's spread-of-hours provision does not apply to this period. (Defs. Mem. 10–11.)

4

exercise supplemental jurisdiction over the state law overtime and wage statement claims, which claims are based on the same facts as the federal overtime claim. (*Id.* at 8–9.)

### c. Unopposed recommendations

No party objected to Judge Bulsara's recommendation that the Court deny Defendants' motion as to Plaintiff's FLSA and NYLL overtime claims, and Plaintiff's NYLL wage statement claim. (R&R 8–9; *see generally* Defs. Obj.)

The Court has reviewed the unopposed portions of the R&R and, finding no clear error, the Court adopts those recommendations pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's FLSA and NYLL overtime claims, and NYLL wage statement claim.

### d. Defendants' objections to the R&R

Defendants object to Judge Bulsara's recommendation:

> to deny those parts of Defendants' motion aimed at Plaintiff's first cause of action for minimum wage claims under the Fair Labor Stands [sic] Act ("FLSA"), Plaintiff's third and fifth causes of action for minimum wage and spread-of-hour claims from January 2013 until August 2016 under the New York Labor Law ("NYLL"), and Plaintiff's sixth cause of action for violations of NYLL § 195(1).

(Defs. Obj. 1.) Defendants appear to have misread the R&R in asserting that Judge Bulsara recommended that the Court deny Defendants' motion as to the claims Plaintiff agreed should be dismissed. Judge Bulsara noted at the outset of the R&R that "[a]fter the motion was filed, Plaintiff agreed to dismiss the first and sixth causes of action, and the challenged portions of his third and fifth causes of action (allegations relating to employment from January 2013 until August 2016)." Judge Bulsara further noted that:

> all that remain[ed] for decision is whether the Complaint fails to allege, as a matter of law, an overtime claim under the FLSA (the second cause of action), and whether the court may exercise supplemental jurisdiction over the remaining state law claims

5

including the fourth and seventh causes of action—the overtime claim under the NYLL and the claim under the wage statement provision of the NYLL.

(R&R 3.) Judge Bulsara then proceeded to address these remaining claims, and recommended that the Court deny Defendants' motion as to those claims only. (R&R 8.) Judge Bulsara accepted Plaintiff's withdrawal of his FLSA minimum wage and NYLL record-keeping claims, as well as his withdrawal of the challenged portions of his NYLL minimum wage and spread-of-hours claims. (R&R 3.) Defendants' objections are therefore based on a misunderstanding of the R&R.

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Bulsara's R&R in its entirety and grants Defendants' motion as to Plaintiff's FLSA minimum wage and NYLL record-keeping claims, as well as Plaintiff's NYLL minimum wage and spread-of-hours claims relating to his employment during the period between January of 2013 and August of 2016. The Court denies Defendants' motion as to Plaintiff's FLSA and NYLL overtime claims, and NYLL wage statement claim.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: February 23, 2018
      Brooklyn, New York