UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCISCO MONTENEGRO ESCAMILLA,

                    Plaintiff,

      -against-

YOUNG SHING TRADING CO., INC.,
KI TAI YEUNG,
WENDY YEUNG,
PING YEUNG,

                    Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17-CV-652-MKB-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff Francisco Montenegro Escamilla ("Montenegro") brought this action individually and on behalf of others similarly situated against Young Shing Trading Co., Inc., Ki Tai Yeung, Wendy Yeung, and Ping Yeung (collectively, "Defendants") on February 3, 2017, alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York Codes, Rules and Regulations ("NYCRR"). (Compl. dated Feb. 3, 2017, Dkt. No. 1). On July 17, 2017, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), which the Court granted in part and denied in part. (*See* R. & R. dated Jan. 8, 2018, Dkt. No. 24 ("Jan. R. & R."); Order adopting R. & R. dated Feb. 23, 2018, Dkt. No. 26).

      On September 21, 2018, Montenegro's counsel, Michael Faillace & Associates, P.C. ("Faillace"), filed a motion to withdraw as counsel, which the Court granted after Montenegro failed to appear at two hearings on the motion. (*See* Mot. to Withdraw as Att'y dated Sept. 21, 2018, Dkt. 38 ("Mot. to Withdraw"); Order dated Nov. 14, 2018). The Court issues this *sua sponte* recommendation dismissing Montenegro's claims with prejudice for failure to comply with multiple Court orders or to prosecute his claims.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Montenegro was employed as a warehouse worker by Defendant Young Shing Trading Co., a food service wholesaler, from approximately February 2011 to August 2016. (Compl. ¶ 1–2, 48). Individual Defendants Ki Tai Yeung, Wendy Yeung, and Ping Yeung are or were owners, managers, principals, or agents of the defendant corporation. (*Id.* ¶ 3). In his Complaint, Montenegro alleged that "[e]ach Defendant possessed substantial control over Plaintiff Montenegro's . . . working conditions, and over the policies and practices with respect to [his] employment and compensation." (*Id.* ¶ 35).

Montenegro also alleged that he regularly worked in excess of 40 hours per week throughout his employment. (*Id.* ¶ 5). From February 2011 to December 2012, Montenegro worked from approximately 6:30 a.m. until 6:00 p.m. on Tuesdays, Wednesdays, Fridays, and Saturdays, and from approximately 6:30 a.m. until 11:00 p.m. or 2:00 a.m. on Mondays and Thursdays, or typically 77 to 83 hours per week. (*Id.* ¶ 48). From approximately January 2013 to June 2016, Montenegro worked from 6:30 a.m. until 6:00 p.m. from Mondays through Saturdays, or typically 69 hours a week. (Compl. ¶ 49). From approximately June 2016 to August 2016, Montenegro worked from 6:30 a.m. until 4:00 p.m. from Mondays through Saturdays, or typically 57 hours per week. (*Id.* ¶ 50). During these time periods, Montenegro alleged that he was not compensated for overtime worked. (*Id.* ¶ 9).

Montenegro's Complaint brought seven causes of action: (1) violation of minimum wage provisions of FLSA; (2) violation of overtime provisions of FLSA; (3) violation of the New York Minimum Wage Act; (4) violation of overtime provisions of NYLL; (5) violation of the Spread of Hours Wage Order; (6) violation of notice and

2

recordkeeping requirements of NYLL; and (7) violation of wage statement provisions of NYLL. (Compl. ¶¶ 88–118).[1]

On July 17, 2017, Defendants filed a motion to dismiss. (*See* Mot. to Dismiss dated July 17, 2017, Dkt. No. 16). After the motion was filed, Plaintiff agreed to dismiss two of his seven causes of action and the challenged portions of another two causes of action. (*See* Mem. of Law in Opp'n dated July 17, 2017, Dkt. No. 20 at 1 n.2). This Court recommended the motion to dismiss be denied on the basis that Montenegro's FLSA and NYLL overtime claims were adequately pleaded. (*See* Jan. R. & R. at 6, 8). On February 23, 2018, the Court granted the Defendants' motion to dismiss the minimum wage claim under FLSA, the record-keeping claim under NYLL, the minimum wage claim under NYLL, and the spread-of-hours claim, and denied the Defendants' motion as to the three remaining causes of action: the overtime claim under FLSA, the overtime claim under NYLL, and the wage statement violation claim under NYLL. (*See* Order Adopting R. & R. dated Feb. 23, 2018, Dkt. No. 26).

On September 21, 2018, Faillace filed a motion to withdraw as attorney for Montenegro. (*See* Mot. to Withdraw). In the motion, Faillace wrote:

> The reason for the motion to withdraw as attorneys for Plaintiff [Montenegro] is that we have lost contact with him. Our phone calls to the number we have on file have gone unanswered, and voice mail messages have gone unanswered. Additionally, we sent paralegals to the address we have on file and could not find him. Finally, we hired a private investigator to locate plaintiff, but to no avail. . . . Because we have lost the ability to communicate with Plaintiff we are unable to continue to represent him in

---

[1] In his Complaint, Montenegro sought to bring his claims as a class action and a collective action. (Compl. ¶ 11 ("Plaintiff Montenegro now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).")). Montenegro never moved to certify the class or collective.

>   this action. We respectfully request that the court allow [us] to withdraw as Plaintiff's attorneys.

(*Id.* ¶¶ 2, 6). The Court scheduled a hearing on the motion to withdraw for October 9, 2018, and Montenegro was ordered to attend in person. (*See* Scheduling Order dated Sept. 24, 2018 ("Plaintiff must also attend this hearing in person.")). A copy of the Scheduling Order translated into Spanish, the Plaintiff's first language, was served at Montenegro's last known address, 501 Seneca Ave. 3R, Queens, New York 11385, by First Class Mail. (*See* Aff. of Service dated Sept. 25, 2018, Dkt. No. 39). The motion hearing was rescheduled and was held on October 29, 2018. (*See* Order dated Oct. 8, 2018; Order dated Oct. 12, 2018; Re-Scheduling Order dated Oct. 29, 2018). Plaintiff failed to appear. (*See* Tr. of Proceedings Held Oct. 29, 2018, Dkt. No. 48 ("Tr. of Oct. 29 Hr'g"), at 5:7–9).[2]

The Court scheduled another hearing for November 14, 2018. (Scheduling Order dated Oct. 29, 2018). Montenegro was again ordered to attend in person. (*Id.* ("Plaintiff is directed to appear in person.")). The Scheduling Order and the motion to withdraw, translated into Spanish, were served at Montenegro's last known address by First Class Mail. (*See* Aff. of Service dated Oct. 30, 2018, Dkt. No. 43). On October 31, 2018, the Court repeated its October 29, 2018 Order, directing Montenegro to appear in person for the November 14 status conference. (*See* Order dated Oct. 31, 2018). The Court warned that "[f]ailure by the Plaintiff to appear may result in this Court recommending that the case be dismissed with prejudice for failure to follow court orders and for a

---

[2] There is no record that Montenegro was mailed the order changing the date and time of the conference. Nonetheless, he did not appear at the originally scheduled date or time, and since that conference, he disobeyed another order requiring his appearance and has taken no steps to prosecute his case.

4

failure to prosecute, pursuant to Federal Rules of Civil Procedure 37 and 41." (*Id*.). Montenegro was again served with a of copy of the translated Order, (*see* Aff. of Service dated Nov. 1, 2018, Dkt. No. 44), and again failed to appear at the hearing, (*see* Min. Entry dated Nov. 14, 2018). The Court granted the motion to withdraw, and Faillace's firm was terminated from the docket. (Order dated Nov. 14, 2018).

Since last November, Montenegro has not filed any communication with the Court and no attorney has appeared on his behalf.

DISCUSSION

I. Dismissal with Prejudice under Rules 16(f) and 37(b)

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions . . . is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court recommends that Montenegro's claims be dismissed with prejudice because he has repeatedly failed to appear at pretrial conferences and failed to comply with multiple Court orders.

Rule 16(f) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling

5

or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) & (C). Here, Montenegro failed to appear at two pretrial conferences and failed to obey three Court orders. First, he failed to appear at the October 29, 2018 motion to withdraw hearing, despite being served with notice, thereby missing a conference and disobeying the Court's Order to appear. (*See* Min. Entry dated Oct. 29, 2018; Scheduling Order dated Sept. 24, 2018; Aff. of Service dated Sept. 25, 2018, Dkt. No. 39). Montenegro then failed to appear at the hearing on November 14, 2018, despite being served with notice of two orders about the conference, thereby missing a second conference and disobeying two Court orders to appear in person. (Min. Entry dated Nov. 14, 2018; Scheduling Order dated Oct. 29, 2018; Aff. of Service dated Oct. 30, 2018, Dkt. No. 43; Order dated Oct. 31, 2018; Aff. of Service dated Nov. 1, 2018, Dkt. No. 44). These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for failure to appear at two Court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

As stated above, Rule 16(f) adopts the sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), including "dismiss[al of] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37.").

6

Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including *dismissal with prejudice*.") (citations and quotations omitted) (emphasis added).[3] "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (same). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate. *S. New England Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just."

---

[3] *Pro se* litigants are afforded leeway when it comes to sanctions; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.") (citations and quotations omitted). Montenegro has been *pro se* since November 14, 2018, and his failures occurred while he was represented by counsel. While he was represented by counsel, he failed to communicate with his lawyer, making it impossible for his counsel to prosecute his case and forcing his withdrawal. But even if Montenegro's noncompliance had occurred entirely while he was proceeding *pro se*, his claims would be dismissed because he has not given this Court any indication he intends to cure his failures or prosecute his case.

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Montenegro's claims.

A. <u>Willfulness</u>

Noncompliance is willful where the party has received notice of a court's orders and repeatedly fails to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance*. . . . [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

Montenegro failed to comply with multiple Court orders and failed to appear at two conferences. (Scheduling Order dated Sept. 24, 2018; Scheduling Order dated October 29, 2018; Order dated October 31, 2018; Min. Entry dated Oct. 29, 2018; Tr. of Oct. 29 Hr'g at 5:7–9 ("[T]he plaintiff was directed to appear for today's conference at a minimum and did not appear."); Min. Entry dated Nov. 14, 2018). During each of these failures, Montenegro personally served with a copy of the Court's Order translated into

8

Spanish at his last known address. (*See* Aff. of Service dated Sept. 25, 2018, Dkt. No. 39; Aff. of Service dated Oct. 30, 2018, Dkt. No. 43; Aff. of Service dated Nov. 1, 2018, Dkt. No. 44). As such, he was aware of the obligations to comply, and his failure to do so is willful. *See, e.g., Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018) and 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").[4]

---

[4] As explained above, Montenegro was served with the Court's Orders by first class mail at his last known address. (*See* Aff. of Service dated Sept. 25, 2018, Dkt. No. 39; Aff. of Service dated Oct. 30, 2018, Dkt. No. 43; Aff. of Service dated Nov. 1, 2018, Dkt. No. 44). He failed to maintain necessary contact with his counsel and has not provided his counsel or the Court with an updated address. (*See* Mot. to Withdraw ¶ 2; Tr. of Oct. 29 Hr'g at 2:14–15 ("[I]t's been a little over four months now that [counsel has] had absolutely no contact with [Plaintiff].")). Sending the orders to his las known address is sufficient to satisfy the obligation to put Montenegro on notice, even if he has moved, because he did not inform anyone about his new address. *See, e.g., Jin Fang Luo*, 2019 WL 360099, at *5 ("Here, where the Non-Responsive Plaintiffs have simply disappeared, the Court can discern no legitimate or innocent reason that they have not complied with the Court's order. To the extent that they are unaware of the Court's order, it is their fault for failing to remain in contact with their attorney and to remain apprised of the case. Thus, dismissal of their claims is warranted[.]"); *Johnson v. Wave Comm GR LLC*, No. 10-CV-346, 2013 WL 992511, at *4 (N.D.N.Y. Jan. 29, 2013) ("The court concludes that the failure of these 13 plaintiffs to cooperate with their former attorney and comply with the court's orders was willful. While some of these plaintiffs apparently moved, and may not have received some of the notices from the parties and

B.  Efficacy of Lesser Sanctions

A sanction less than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record allows for no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Montenegro to reengage in this litigation, especially given the repeated failure to abide by prior Court orders warning that his case could be dismissed should he fail to appear. Further, Faillace was unable establish contact with him—despite using phone calls, voicemail messages, in-person visits by paralegals, and a private investigator—for a period of over four months. (Mot. to Withdraw ¶ 2; Tr. of Oct. 29 Hr'g at 2:14–15). Each and every one of those efforts failed. (Mot. to Withdraw ¶ 2; Tr. of Oct. 29 Hr'g at 2:14–15). At this point, given the multiple opportunities afforded to Montenegro to participate in the case and the inability to locate him, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g.*, *Adams v. City of New York,* No. 17-CV-1465, 2018 WL 1157976, at *3 (S.D.N.Y. Mar. 2, 2018) ("The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Adams' demonstrated disinterest in prosecuting this case and the time he has wasted of both the

---

the court, they had an obligation to keep their lawyer and the court apprised of updated contact information."), *report and recommendation adopted*, 2013 WL 992186 (Mar. 13, 2013).

defendants and the Court—that it is not."); *Dungan v. Donahue*, No. 12-CV-5139, 2014
WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation)
("[I]n light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than
dismissal would be effective. The record presents no reason to believe that a monetary
fine or other sanction short of dismissal would inspire in plaintiff the dedication to this
litigation that he currently lacks[.] . . . This case therefore presents an example of
extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v.
Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) ("[T]he
Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no
avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on
plaintiff would be futile at this juncture.") (citations and quotations omitted), *report
and recommendation adopted*, 2012 WL 2530106 (June 29, 2012).

    C.    <u>Duration</u>

The duration of Montenegro's noncompliance warrants dismissal. "[D]urations
of time as brief as a few months have been held to weigh in favor of dispositive
sanctions." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental
Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting
cases) (adopting report and recommendation). "[P]eriods of six months or more weigh
even more heavily toward such remedies." *Id.* at 266 (collecting cases).

Montenegro has failed to comply with the Court's orders since October 29, 2018,
beginning with his failure to obey the Court's Scheduling Order to appear at the motion
to withdraw hearing. (Scheduling Order dated Sept. 24, 2018; Scheduling Order dated
October 29, 2018; Order dated October 31, 2018; Min. Entry dated Oct. 29, 2018; Tr. of
Oct. 29 Hr'g at 5:7–9; Min. Entry dated Nov. 14, 2018). This is over six months ago. His

11

own attorney has not heard from him since June 2018. (Tr. of Oct. 29 Hr'g at 2:13–14 ("The last time I can confirm [that I heard from my client] was some time in June of this year.")). As of now, it has been over ten months since Montenegro's absence. This extended period of non-compliance is sufficient to warrant dismissal. *See, e.g., Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of "more than five months").

D.  Notice

Montenegro received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted). Montenegro was warned in the Court's October 31, 2018 Order that failure to appear "may result in this Court recommending that the case be dismissed with prejudice for failure to follow court orders and for a failure to prosecute." (Order dated Oct. 31, 2018). This Order, translated into Spanish, was served to Montenegro at his last known address by his counsel. (*See* Aff. of Service dated Nov. 1, 2018, Dkt. No. 44). This notice is sufficient to permit dismissal. *See, e.g.*, *Cadet v. ADP, Inc.*, No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and recommendation) ("Plaintiff has been explicitly warned . . . that his case would be dismissed if he failed to appear for court conferences."); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it "clear," after one warning by the court, that "plaintiff

received adequate notice that his failure [to comply with a court order] would result in dismissal").

That Montenegro may have moved, without providing any forwarding address or means of contact, does not entitle him to continue with his case. "It is plaintiff's obligation to notify the Court of any change in address." *Gordon*, 2012 WL 2530578, at *2; *see, e.g.*, *Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1 (E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018).

All four factors discussed above, therefore, warrant dismissal with prejudice of Montenegro's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rule 16(f)(1)(A) and Rule 16(f)(1)(C).

II.  Dismissal with Prejudice for Failure to Prosecute

There is a separate basis to dismiss Montenegro's claims—the failure to prosecute his case against Defendants. Courts have the authority to dismiss an action *sua sponte* for failure to prosecute. *Jin Fang Luo*, 2019 WL 360099, at *2. This power arises from both the court's inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *Wan v. U.S. Postal Serv.*, No. 17-CV-1560, 2018 WL 1785485, at *2 (E.D.N.Y. Apr. 13, 2018) ("[A]lthough Rule 41(b) 'explicitly sanction[s]' the court's authority to dismiss an action

for failure to prosecute, the power to so dismiss an action 'has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). "A dismissal for failure to prosecute is committed to the court's sound discretion," and such a dismissal may be with prejudice. *Jin Fang Luo*, 2019 WL 360099, at *2; *see*, *e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b), and these factors are equally applicable to a *sua sponte* dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors under a Rule 37(b) dismissal. "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail." *Dungan*, 2014 WL 2941240, at *6. The Court therefore proceeds to discuss only the

third and fourth factors in this analysis. *See Lopa*, 2018 WL 3019875, at *2 (dismissing claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).[5]

As to the third factor—prejudice to defendants—courts have found dismissal to be appropriate "when a party has become inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g., Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government.") (citations omitted).

Besides Montenegro's repeated failure to attend hearings and comply with Court orders since October 2018, Montenegro's inaccessibility to his counsel has disrupted discovery deadlines and resulted in the parties' settlement conference to be adjourned *sine die*. (Mot. to Withdraw ¶ 5 ("In advance of the discovery deadline and settlement

---

[5] In the context of a dismissal for failure to prosecute, notice of court orders to plaintiff's last known address is sufficient. *See, e.g., Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("[T]he Court attempted to notify plaintiff of the potential dismissal of her case via its May 9 Order, which was returned to sender. Regardless of whether plaintiff actually received notice that further delays would result in dismissal, it remained her duty to [prosecute her] case diligently. It is also plaintiff's obligation to inform this Court's Pro Se office of any change of address. Plaintiff's inaccessibility for over six months is anything but diligent prosecution of her case and she has not notified the Pro Se office of any change of address.") (quotations and citations omitted).

conference that was scheduled for October 2 and October 17, 2018, respectively, our office continued to attempt to call [the Plaintiff]. We did not receive any responses."); Mot. to Adjourn Conference dated Oct. 15, 2018, Dkt. No. 42; Order dated Oct. 16, 2018). This has clearly prejudiced Defendants. *See Lopa*, 2018 WL 3019875, at *2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time addressing Montenegro's failures and has given him several opportunities to pursue his claims. The course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal. *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case,

plaintiff has demonstrated that he has no interest in being heard.") (citations and quotations omitted); *see also Langdell*, 2006 WL 3813599, at *5 ("Langdell's failure to comply with the discovery process and the Court's order on the motion to compel diminishes his right to have his claim heard by the Court.  Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.") (citations omitted).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), Montenegro's claims should be dismissed with prejudice for failure to prosecute.

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Montenegro's claims be dismissed with prejudice for failure to abide by Court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

Defendants shall serve a copy of this Report and Recommendation on Montenegro at his last known address, and to any other electronic contact information known to them, and file proof of such service in the record within 14 days of the date of this Order.

SO ORDERED.

*/s/ Sanket J. Bulsara* May 1, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York