UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
FRANCISCO MONTENEGRO ESCAMILLA,
*individually and on behalf of others similarly situated*,

                      Plaintiff,

                      v.

YOUNG SHING TRADING CO., INC., KI TAI
YEUNG, WENDY YEUNG, and PING YEUNG,

                      Defendants.
-------------------------------------------------------------------

**ORDER**
17-CV-652 (MKB) (SJB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Francisco Montenegro Escamilla commenced the above-captioned action on February 3, 2017, against Defendants Young Shing Trading Co., Inc., Ki Tai Yeung, Wendy Yeung, and Ping Yeung, asserting claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") and regulations. (Compl., Docket Entry No. 1.)  By Memorandum and Order dated February 23, 2018 (the "February 2018 Order"), the Court granted in part and denied in part Defendants' motion to dismiss, allowing Plaintiff's FLSA and NYLL overtime claims and NYLL wage statement claim to proceed. (Feb. 2018 Order, Docket Entry No. 26.)  For the reasons discussed below, the Court dismisses with prejudice Plaintiff's remaining claims for failure to comply with court orders and failure to prosecute.

    **I.  Background**

      On September 21, 2018, Plaintiff's counsel filed a motion to withdraw as attorneys for Plaintiff. (Mot. to Withdraw, Docket Entry No. 38.)  In support of the motion, counsel stated:

> The reason for the motion to withdraw as attorneys for Plaintiff is that we have lost contact with him. Our phone calls to the number we have on file have gone unanswered, and voice[]mail messages have gone unanswered. Additionally, we sent paralegals to the address we have on file and could not find him. Finally, we hired a private investigator to locate plaintiff, but to no avail.

(Decl. of Michael Faillace ¶ 2, annexed to Mot. to Withdraw, Docket Entry No. 38-1.) By Order dated September 24, 2018 (the "September 24, 2018 Order"), Magistrate Judge Sanket J. Bulsara scheduled a hearing on the motion to withdraw for October 9, 2018, and ordered Plaintiff to be present at the hearing. (Sept. 24, 2018 Order.) On September 25, 2018, Plaintiff's counsel mailed a letter to Plaintiff at his last known address, advising him of the September 24, 2018 Order. (Aff. of Service dated Sept. 25, 2018, Docket Entry No. 39.) Counsel enclosed a copy of the September 24, 2018 Order and also translated it into Spanish, Plaintiff's first language. (*Id.*) Judge Bulsara subsequently adjourned the hearing twice — first to October 15, 2018, and then to October 29, 2018. (Order dated Oct. 8, 2018; Order dated Oct. 12, 2018.) Nothing on the docket indicates that Plaintiff was mailed copies of the Orders dated October 8, 2018 and October 12, 2018, adjourning the hearing. The docket also does not indicate that Plaintiff attempted to appear on the date the hearing was initially scheduled to take place.

On October 29, 2018, Judge Bulsara held a hearing on the motion to withdraw, at which Plaintiff failed to appear, and ordered Plaintiff to appear in person at the next scheduled status conference on November 14, 2018. (Min. Entry dated Oct. 29, 2018; Tr. of Oct. 29, 2018 Hr'g 5:7–9, Docket Entry No. 48; Scheduling Order dated Oct. 29, 2018 ("Oct. 29, 2018 Order").) On October 30, 2018, Plaintiff's counsel mailed a letter to Plaintiff advising him of the October 29, 2018 Order. (Aff. of Service dated Oct. 30, 2018, Docket Entry No. 43.) Counsel enclosed a copy of the October 29, 2018 Order, and also translated it into Spanish, and enclosed a copy of the motion to withdraw. (*Id.*) By Order dated October 31, 2018 (the "October 31, 2018 Order"),

Judge Bulsara noted that the conference scheduled for November 14, 2018 would be a hearing on the motion to withdraw, and warned Plaintiff that if Plaintiff failed to appear again, he might recommend that the Court dismiss the action with prejudice for failure to follow court orders and for failure to prosecute. (Oct. 31, 2018 Order.) Also on October 31, 2018, Plaintiff's counsel mailed Plaintiff a letter at his last known address, advising him of the October 31, 2018 Order, which counsel translated into Spanish, and enclosed a copy of the October 31, 2018 Order. (Aff. of Service dated Nov. 1, 2018, Docket Entry No. 44.)

On November 14, 2018, Judge Bulsara held a hearing on the motion to withdraw and granted the motion. (Minute Entry dated Nov. 14, 2018; Order dated Nov. 14, 2018.) Plaintiff failed to appear. (*Id.*)

By report and recommendation dated May 1, 2019, Judge Bulsara recommended that the Court dismiss the action with prejudice for failure to comply with court orders and failure to prosecute (the "R&R"). (R&R, Docket Entry No. 49.) A copy of the R&R was mailed to Plaintiff on May 2, 2019. (Aff. of Service dated May 2, 2019.) No party has objected to the R&R and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Markets, Inc.*, 313 F. 3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F. 2d 15, 16 (2d Cir. 1989) (per curiam))); *see*

*also Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the reasons set forth above, the Court adopts the R&R and dismisses this action with prejudice for failure to comply with court orders and failure to prosecute. The Court directs the Clerk of Court to close this case.

Dated: February 20, 2020
      Brooklyn, New York

                                      SO ORDERED:

                                           s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge